ON REMAND FROM SUPREME COURT

STONE, J.
This case is before this court for reconsideration in light of the supreme court’s *692 opinion in Florida Department of Revenue v. New Sea Escape Cruises, Ltd., 894 So.2d 954 (Fla.2005), addressing the limits of Florida’s territorial waters. Deerbrooke Inv., Inc. v. Florida Dep’t of Revenue, 914 So.2d 949 (Fla.2005).
Deerbrooke contends that, because its vessel traveled to a point outside of Florida territorial waters, it was engaged in foreign commerce for which it could not be subject to Florida tax pursuant to section 212.05, Florida Statutes.
Section 212.08, Florida Statutes, allows a partial exemption for vessels engaged in both intrastate and interstate or foreign commerce. The partial exemption is computed based on the ratio of miles traveled within Florida and its territorial waters, as a percentage of the total miles traveled in interstate or foreign commerce. This ratio determines the portion of the vessel’s taxable activity which is subject to Florida’s use tax. § 212.05, Fla. Stat. (2001).
In Florida Department of Revenue v. New Sea Escape Cruises, Ltd., the supreme court, in affirming this court’s opinion in New Sea Escape Cruises, Ltd. v. Florida Department of Revenue, 823 So.2d 161 (Fla. 4th DCA 2002), recognized that the mileage accrued outside Florida territorial waters during New Sea Escape’s cruises to nowhere could not be taxed as “Florida mileage” under section 212.05.
In traveling more than three miles from shore, Deerbrooke’s cruises to nowhere, as did the cruises to nowhere in New Sea Escape, left Florida’s territorial waters and, thus, engaged in foreign commerce. In New Sea Escape, as in this case, the cruises to nowhere involved both intrastate and foreign commerce, qualifying for the partial exemption in section 212.08, Florida Statutes.
Therefore, applying New Sea Escape, the lease of gaming equipment for use on board the Princess, along with revenue received from gift shop and photography concessionaires as rent, should be prorated under section 212.08(8). As .to those taxes, we remand for proration in accordance with New Sea Escape.
The other matters raised, including the taxes imposed on the lease of real property and on the cost of food purchased for meals consumed on board by passengers, remain affirmed.
WARNER and FARMER, JJ., concur.